IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00649-BNB

ANDREW V. SOLAZZO,

    Plaintiff,

v.

CORY B. TENBRINK, to be sued in his individual capacity,
JULIE MARSHALL, to be sued in her individual capacity,
NANCY L. COHEN, to be sued in her individual capacity,
MARY MULLARKEY, to be sued in her individual capacity,
MRS. S. WOODARD, to be sued in her individual capacity,
SUSAN EDDY, to be sued,
LINDA LESLEY, to be sued in her individual capacity,
CAROL KING, to be sued in her individual capacity,
RICHARD WEHMHOEFER, to be sued in his individual capacity,
CHARLES E. MORTIMER,  to be sued in his individual capacity, and
JOHN DOE, to be sued in his or her individual capacity,

    Defendants.

## ORDER ALLOWING PLAINTIFF TO PROCEED
## WITHOUT PAYMENT OF AN INITIAL PARTIAL FILING FEE

Pursuant to the Court's April 19, 2012, Order Granting Leave to Proceed Pursuant to 28 U.S.C. §1915, Plaintiff, Andrew V. Solazzo, filed on May 10, 2012, an updated inmate account statement to show cause why he has no assets and no means by which to pay the designated initial partial filing fee.  Based on the updated account statement submitted on May 10, the Court finds that Plaintiff is unable to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Section 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).  If a prisoner is unable to afford the full amount of

the filing fee when the case is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because Plaintiff's trust fund account statement indicates he has insufficient funds in his inmate account to pay an initial partial filing fee and no other available assets, Plaintiff may proceed in this action without payment of an initial partial filing fee. The Court will proceed to review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.

Although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this order. Accordingly, it is

ORDERED that Plaintiff, Andrew V. Solazzo, may proceed in this action without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the outcome of this action. It is

FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary arrangements

to have the monthly payments identified by the civil action number on this order.  Plaintiff must file a current certified copy of his trust fund account statement to show cause.  It is

FURTHER ORDERED that, if Plaintiff fails to have the appropriate monthly payment sent to the clerk of the Court each month or to show cause each month, as directed above, why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without further notice.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.  It is

**FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Plaintiff may owe in a prior action or actions if Plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED May 14, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge