IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00649-BNB

ANDREW V. SOLAZZO,

    Plaintiff,

v.

CORY B. TENBRINK, to be sued in his individual capacity,
JULIE MARSHALL, to be sued in her individual capacity,
NANCY L. COHEN, to be sued in her individual capacity,
MARY MULLARKEY, to be sued in her individual capacity,
MRS. S. WOODARD, to be sued in her individual capacity,
SUSAN EDDY, to be sued,
LINDA LESLEY, to be sued in her individual capacity,
CAROL KING, to be sued in her individual capacity,
RICHARD WEHMHOEFER, to be sued in his individual capacity,
CHARLES E. MORTIMER, to be sued in his individual capacity, and
JOHN DOE, to be sued in his or her individual capacity,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Andrew V. Solazzo, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional center in Buena Vista, Colorado. Mr. Solazzo, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. §§ 1983 and 1985 challenging the validity of a state court criminal conviction.

    Mr. Solazzo has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Solazzo is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Solazzo's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. For the reasons stated below, the complaint and the action will be dismissed.

Although the complaint is not a model of clarity, Mr. Solazzo appears to assert that he was denied the right to a fair trial because he was denied the ability to withdraw

his plea agreement.  He complains that, pursuant to his plea bargain, he was sentenced to six years to life imprisonment.  Mr. Solazzo seeks money damages and a new trial.

To the extent Mr. Solazzo seeks a new trial, his sole federal remedy is a writ of habeas corpus, see Preiser v. Rodriguez, 411 U.S. 475, 504 (1973), after he exhausts state court remedies.  See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). Habeas corpus claims may not be raised in this § 1983 action.  Mr. Solazzo must file a separate habeas corpus action after exhaustion of state remedies if wishes to pursue habeas corpus claims.

Although Mr. Solazzo's claims for damages may be asserted in a §1983 action, the claims are barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994).  Pursuant to Heck, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  See Heck, 512 U.S. at 486-87.  Mr. Solazzo also may not challenge the validity of his conviction or sentence by seeking damages pursuant to § 1985.  Martínez v. Ensor, 958 F. Supp. 515, 517-18 (D. Colo. 1997).

There is no indication that Mr. Solazzo has invalidated his conviction and sentence.  Therefore, the Court finds that Mr. Solazzo's claims for damages challenging the validity of his state court criminal resentencing are barred by the rule in Heck.  The dismissal will be without prejudice.  See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996).  However, a Heck dismissal counts as a strike under § 1915(g).  See Hafed v. Federal Bureau of Prisons, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

The Court also notes that Mr. Solazzo's complaint suffers from other deficiencies. Judge Julie Marshall and Chief Justice Mary Mullarkey are absolutely immune from liability in civil rights suits when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Marshall was acting in her judicial capacity when she convicted and sentenced Mr. Solazzo and, therefore, was not acting in the clear absence of all jurisdiction. Mr. Solazzo appears to sue Chief Justice Mary Mullarkey because she was chief justice of the Colorado Supreme court when he filed a complaint against Judge Marshall. However, he does not make any allegations indicating that any response by Chief Justice Mullarkey to the complaint was outside her judicial capacity. Therefore, the claims Plaintiff asserts against Judge Marshall and Chief Justice Mullarkey are barred by absolute judicial immunity.

Mr. Solazzo also appears to be suing other Defendants based of their actions conduct in response to complaints Mr. Solazzo filed against Defendant Corey B. Tenbrink, his counsel in the criminal proceedings. Any claims against Mr. Tenbrink fail. Mr. Tenbrink is not a state actor under § 1983 whether he was a private attorney who represented Mr. Solazzo or a public defender, and he is not a proper party to this action. *Polk County v. Dodson*, 454 U.S. 312, 318 & 325 (1981).

Mr. Solazzo claims against Chief Justice Mullarkey, Charles E. Mortimer, Nancy L. Cohen, and Richard Wehmhoefer based on his complaints against Judge Marshal and Mr. Tenbrink also fail. Their decisions bear no connection to his conviction on state criminal charges.

Mr. Solazzo clearly is suing other individuals involved in his criminal proceedings: his probation officer, Susan Woodard; Detective Linda Lesley; Investigator Carol King; and Susan Eddy, the alleged victim. See *Adickes*, 398 U.S. at 150. Under *Heck*, he may not sue these Defendants for damages.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Solazzo files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. §§ 1983 and 1985, and the claims for damages are barred by the rule in *Heck*. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  18th  day of    May      , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court